IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-121-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RODNEY MARSHALL VINSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss the indictment against him pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) for failure to state an offense (DE 27). The matter has been fully briefed and is now ripe for decision. For the reasons that follow, defendant's motion will be granted.

**BACKGROUND**

On April 23, 2013, a federal grand jury returned a one-count indictment against defendant for violation of 18 U.S.C. §§ 922(g)(9) and 924, which proscribe possession in or affecting commerce, any firearm or ammunition, by a person convicted in any court of a "misdemeanor crime of domestic violence." The indictment states as a predicate offense that defendant was convicted in state court in 2004 of assault on a female, in violation of N.C. GEN. STAT. § 14-33(c)(2) ("state conviction").

At defendant's detention hearing held on May 21, 2013, defendant raised the issue as to whether the state conviction could serve as a predicate misdemeanor crime of domestic violence for purposes of violation of 18 U.S.C. § 922(g)(9). On May 30, 2013, the court granted defendant's motion for extension of time to file pre-trial motions and to continue arraignment pending decision

in United States v. Descamps, 466 F. App'x 563 (9th Cir.), cert. granted in part, __ U.S. __, 133 S.Ct. 90 (2012) (mem.).

On June 20, 2013, the Supreme Court issued its opinion in Descamps v. United States, __ U.S. __, 133 S.Ct. 2276 (2013). On July 26, 2013, the court granted defendant's motion for leave to re-open the pre-trial motions period and file a motion to dismiss. Defendant filed the instant motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) for failure to state an offense. Defendant argues his state conviction cannot serve as a predicate misdemeanor crime of domestic violence for purposes of 18 U.S.C. § 922(g)(9), citing Descamps, 133 S.Ct. 2276, as support. Arraignment has been continued pending resolution of the instant motion.

## DISCUSSION

A. Standard of Review

At any time before trial, defendants can raise a motion alleging a defect in the indictment. Fed. R. Crim. P. 12(b)(3)(B). In addition, "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Id. To warrant dismissal of a count of the indictment, a defendant must "demonstrate that the allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004). "It is elementary that a motion to dismiss an indictment implicates only the legal sufficiency of its allegations, not the proof offered by the Government." United States v. Terry, 257 F.3d 366, 371 (4th Cir. 2001) (King, J., concurring).

B. Legal Framework

    1. Categorical Approach

The Supreme Court established the so-called "categorical approach" to determine whether a prior conviction constitutes a predicate offense for application of a sentencing enhancement under

2

the Armed Career Criminal Act, § 924(e) ("ACCA").  See Taylor v. United States, 495 U.S. 575, 602 (1990).  The categorical approach requires federal courts to compare the elements of a prior crime of conviction with a generic crime in an enhancement statute to determine if the enhancement is applicable.  Descamps, 133 S.Ct. at 2281.

If the elements in the prior crime of conviction are the same as or defined more narrowly than the generic crime, then the prior crime of conviction can serve as a predicate for the generic crime.  See id. at 2283.  However, if the prior crime of conviction is defined more broadly than the generic crime, then the prior crime of conviction cannot serve as a predicate, "even if the defendant actually committed the offense in its generic form."  Id.  The categorical approach proscribes inquiry into the facts underlying a conviction, and federal courts may "look only to the fact of conviction and the statutory definition of the prior offense."  Taylor, 495 U.S. at 602; see also Descamps, 133 S.Ct. at 2283.

The Fourth Circuit has extended use of the categorical approach to situations such as those in the instant case where a defendant's prior conviction serves as a potential predicate for a current charge.  In particular, in United States v. White, 606 F.3d 144, 145-53 (4th Cir. 2010), the court applied the categorical approach in determining that the Virginia common law offense of assault and battery against a family or household member could not serve as predicate for the offense of possession of a firearm by a person that has been convicted of a misdemeanor crime of domestic violence under § 922(g)(9).

2. Modified Categorical Approach

In Taylor, the Supreme Court "recognized 'a narrow range of cases' in which sentencing courts — applying what [the Supreme Court] would later dub the 'modified categorical approach' — may look beyond the statutory elements to" other documents "to determine which of a statute's

alternative elements formed the basis of the defendant's prior conviction." Descamps, 133 S.Ct. at 2283-84. Under the modified categorical approach, the court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005).

The Supreme Court recently confirmed "the modified categorical approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps, 133 S.Ct. at 2283. A divisible statute "sets out one or more elements of the offense in the alternative — for example, stating that burglary involves entry into a building *or* an automobile." Id. at 2281. "By 'elements,' the Court meant factual circumstances of the offense that the jury must find unanimously and beyond a reasonable doubt." United States v. Royal, 731 F.3d 333, 341 (4th Cir. 2013) (internal quotation marks omitted). Alternative methods of committing an offense do not constitute alternative elements to justify use of the modified categorical approach. See Descamps, 133 S.Ct. at 2285 n.2; United States v. Hemingway, 734 F.3d 323, 334 (4th Cir. 2013).

The Court further described the modified categorical approach as

retain[ing] the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements [of the prior offense of conviction] with the generic offense's. All the modified approach adds is a mechanism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates "several different . . . crimes." If at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of. That is the job, as we have always understood it, of the modified approach: to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense.

Descamps, 133 S.Ct. at 2285 (citation omitted).

      3.      Offenses Charged in Current Indictment

Defendant has been charged with violation of 18 U.S.C. §§ 922(g)(9) and 924. Section 922(g)(9) makes it unlawful for "any person who has been convicted in any court of a misdemeanor crime of domestic violence, to . . . possess in or affecting commerce, any firearm or ammunition." A "misdemeanor crime of domestic violence" is defined in § 921(a)(33)(A) as "a misdemeanor under Federal, State, or Tribal law" that

> has, *as an element*, the *use or attempted use of physical force*, *or the threatened use of a deadly weapon*, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A)(i)-(ii) (emphasis added). Therefore, defendant's state conviction must have, as an element, either the use or attempted use of physical force, or the threatened use of a deadly weapon for defendant to be convicted under § 922(g)(9).

Neither party has alleged that the state offense of conviction here has, as an element, the threatened use of a deadly weapon. As a result, the court's analysis will be limited to the issue of whether the state offense of conviction has, as an element, the use or attempted use of physical force.

In Johnson v. United States, 559 U.S. 133, 140 (2010), the Supreme Court interpreted "physical force" for sentencing purposes under ACCA to "mean[] *violent* force — that is, force capable of causing physical pain or injury to another person." The Fourth Circuit has applied that meaning of "physical force" to the definition of "misdemeanor crime of domestic violence." White, 606 F.3d at 153. Furthermore, the Fourth Circuit has interpreted Johnson as "reject[ing] the Government's argument that *de minimis* force, as in an offensive touching without injury in battery,

5

could be construed as 'physical force.'" Id. at 152. Therefore, defendant must be convicted of a predicate crime of domestic violence that involved the use or attempted use of "violent force," meaning "force capable of causing physical pain or injury to another person" to be convicted under § 922(g)(9). Johnson, 559 U.S. at 140.

    4.    Predicate State Law Offense

Defendant's state conviction was for violation of N.C. GEN. STAT. § 14-33(c)(2), which states, "any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he assaults a female, he being a male person at least 18 years of age."

The North Carolina Supreme Court has described the elements of the state conviction as "(1) an assault, (2) upon a female person, (3) by a male person (4) who is at least eighteen years old." State v. Herring, 322 N.C. 733, 743 (1988). Although the punishment for assault on a female has been codified, the elements of the crime have not. See State v. Roberts, 270 N.C. 655, 658 (1967) ("There is no statutory definition of assault in North Carolina, and the crime of assault is governed by common law rules. [N.C.]G.S. § 14-33 does not create a new offense as to assaults on a female, but only provides for different punishments for various types of assault."). The statute sets forth three methods of committing the offense: assault, assault and battery, and affray. The court will examine each of the following in turn.

    a.    Common Law Definition of Assault

In Roberts, the Supreme Court of North Carolina recognized that the court

> generally defines the common law offense of assault as an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.

6

Id. (internal quotation marks omitted); see State v. Wortham, 318 N.C. 669, 671 (1987) (applying this definition of assault to crime of assault on a female). "This common law rule places emphasis on the intent or state of mind of the person accused." Roberts, 270 N.C. at 658. The court described this common law offense definition as one of "two rules under which a person may be prosecuted for assault in North Carolina." Id. The court further described a second rule under which a person may be prosecuted for assault:

> The decisions of the Court have, in effect, brought forth another rule known as the 'show of violence rule,' [sic] which places the emphasis on the reasonable apprehension of the person assailed. The 'show of violence rule' consists of a show of violence accompanied by reasonable apprehension of immediate bodily harm or injury on the part of the person assailed which causes him to engage in a course of conduct which he would not otherwise have followed. This rule has been extended to many cases of assault on a female.

Id. "Thus, there are two rules under which a person may be prosecuted for assault in North Carolina." Id.

### b. Common Law Definition of Battery

"A battery always includes an assault, and is an assault whereby *any force is applied*, directly or indirectly, to the person of another." State v. Britt, 270 N.C. 416, 418 (1967) (emphasis added). See also State v. Sudderth, 184 N.C. 753, 755 (1922) ("[B]attery is an assault whereby any force, *however slight* is actually applied to the person of another directly or indirectly.") (emphasis added). Therefore, the crime of assault on a female "may be proven by finding either an assault on or a battery of the victim." State v. West, 146 N.C. App. 741, 743 (2001).

### c. Common Law Definition of Affray

"An affray is defined at common law as a fight between two or more persons in a public place so as to cause terror to the public." In re May, 357 N.C. 423, 426 (2003).

7

C.  Application

As noted previously, for an assault conviction to serve as a predicate for § 922(g)(9), both force and violence are required. See White, 606 F.3d at 153 ("'Physical force' means *violent* force — that is, force that is capable of causing physical pain or injury to another person."). For the reasons set forth below, because a state prosecutor need not prove that a defendant acted with both force and violence to secure a conviction of assault on a female, the predicate offense in this case is not categorically a misdemeanor crime of violence.

As an initial matter, an assault on a female committed by means of a battery does not categorically involve both force and violence. Battery does not have as a required element the use or attempted use of physical force, where it can be committed by non-violent force, such as offensive touching. See White, 606 F.3d at 153 (holding conviction for assault and battery under Virginia law does not have as an element the use of "physical force" where any intentional contact, such as offensive touching, suffices for conviction).

In addition, while the "first rule" of assault as set forth in Roberts — requiring both force *and* violence — has, as an element, the use or attempted use of physical force, the "show of violence" rule does not.[1] Rather, assault by "show of violence" "consists of a show of violence accompanied by reasonable apprehension of immediate bodily harm or injury on the part of the person assailed," which does not require use or attempted use of physical force. Roberts, 270 N.C. at 658.

This conclusion is in accord with United States v. Kelly, 917 F. Supp. 2d 553, 557 (W.D.N.C. 2013), in which the court similarly addressed whether assault on a female under North

---

[1] The government has never argued or even insinuated either that assault on a female by affray is categorically a misdemeanor crime of domestic violence, or that there is any reason to believe defendant committed an affray. Therefore, the court will not further consider whether affray includes as an element both force and violence.

Carolina law, the state crime at issue in this case, has as an element the use or attempted use of physical force to qualify as a predicate for § 922(g)(9). Id. at 555. The Kelly court conducted a thorough examination of North Carolina caselaw in order to ascertain the elements of the common law crime of assault. Id. at 557-59. Kelly determined that assault can be committed in North Carolina by either "force *and* violence" *or* a "show of violence." Id. at 557 (internal quotation marks omitted) (emphasis in original). The court found that although "the distinction between [these] first and second options appears minimal, the Court, however, is unconvinced the second method requires actual force, much less 'violent force.'" Id. (quoting Johnson, 559 U.S. at 140). The Kelly court concluded that "it appears to be inconclusive under North Carolina law . . . as to whether 'force *and* violence' are both required for every conviction of the crime of assault on a female, which proves troublesome under the categorical approach." Id. at 558 (emphasis in original).

Further, in North Carolina, an assault can be committed by the "*unequivocal appearance of an attempt*, with force and violence, to do some immediate physical injury to the person of another." Roberts, 270 N.C. at 658 (emphasis added). This court is not convinced that the "unequivocal appearance of an attempt" in the state law offense rises to the level of an attempt, as required by the federal offense defined at § 921(a)(33)(A)(i)-(ii). In sum, assault in North Carolina does not have, as a required element, the use or attempted use of physical force necessary to constitute a predicate offense for § 922(g)(9).[2]

---

[2] As the government notes, the Fourth Circuit previously has determined in unpublished opinions that the crime at issue here, assault on a female under North Carolina law, constitutes a predicate "crime of violence" for purposes of categorizing a defendant as a career offender under the Sentencing Guidelines, where the state crime "contain[s] all of the elements necessary under the Sentencing Guidelines to be classified as a crime of violence, including force, attempted force, or threat of force." United States v. Little, No. 98-4391, 1999 WL 156153, at *5 (4th Cir. March 23, 1999); see also United States v. Blackmon, No. 94-5284, 1995 WL 3804, at *1 (4th Cir. Jan. 6, 1995). However, the Fourth Circuit's earlier determination is inapplicable to the instant context because "crime of violence" is defined more broadly than "misdemeanor crime of domestic violence." In particular, a prior conviction that has as an element the threatened use of physical force against another person does not constitute a misdemeanor crime of domestic violence under §
(continued...)

9

Consistent with this analysis, the government appears to concede that the North Carolina crime at issue in this case, assault on a female, is not categorically a misdemeanor crime of domestic violence. (See Resp. in Opp'n 6, 9-12 and Def.'s Reply 3). However, the government contends that the offense of assault on a female is divisible because it can be committed by either assault, assault and battery, or affray. (Resp. in Opp'n 10-11). The government thus suggests a modified categorical approach.

Contrary to the government's suggestion, however, the modified categorical approach is inapplicable here. The North Carolina statute is not divisible, because, as the government itself has argued, "assault," "assault and battery," and "affray" are alternative "means" of committing the crime of assault on a female. (See Resp. in Opp'n 10). The Fourth Circuit recently has confirmed that "alternative means" of committing a crime do not constitute alternative elements to justify application of the modified categorical approach. Hemingway, 734 F.3d at 334; see Descamps, 133 S.Ct. at 2285 n.2. Absent alternative elements for commission of the offense, the modified categorical approach is inapplicable.

United States v. Royal, 731 F.3d at 340-42, is instructive by comparison. There, the Fourth Circuit examined a Maryland assault statute to determine if it was divisible. Id. The court observed that the relevant statute was "facially indivisible," where it "provide[d] simply that a person may not commit an assault[,]" and "'[a]ssault' encompasses the crimes of assault, battery, and assault and battery . . . ." Id. at 340 n.1 (citation and internal quotation marks omitted). In addition, the court observed that "[t]o convict a defendant of an assault of the battery variety under Maryland law, the

---

(...continued)
922(g)(9), but it does constitute a crime of violence under the Sentencing Guidelines. Compare 18 U.S.C. § 921(a)(33)(A), with United States Sentencing Commission, Guidelines Manual, § 4B1.2(a) (Nov. 2013).

10

state must prove that (1) the defendant caused offensive physical contact with, or harm to, the victim . . . ." Id. at 341. Accordingly, the court determined that "offensive physical contact" and "physical harm" are not alternative elements of the offense where a jury only has to agree "that one of the two occurred, without settling on which." Id. "Rather than alternative *elements*, then, 'offensive physical contact' and 'physical harm' are merely alternative *means* of satisfying a single element of the Maryland offense." Id. As a result, the modified categorical approach had "no role to play." Id. (quoting Descamps, 133 S.Ct. at 2285).

While the Maryland statute is not identical to the one at issue here, the divisibility analysis in Royal is persuasive here. In North Carolina, an "assault" is one element of the crime of assault on a female. See Herring, 322 N.C. at 743. Further, the assault can be committed by three alternatives, similar to the state law at issue in Royal. There is no requirement that the factfinder must determine which of the three occurred in order to convict for the crime of assault on a female. For example, a defendant can be convicted of assault on a female where the jury is instructed to return a guilty verdict if it finds evidence of either an assault or a battery of the victim. See State v. Kiziah, 217 N.C. 399, 406-407 (1940) ("[A]n assault is the intent, offer or attempt by force or violence to do an injury . . . to the person of another. If a person puts his hand upon another in anger, such constitutes an assault."). In addition, where the conviction for assault on a female is based on battery, the conviction is for assault on a female, not assault and battery on a female. See West, 146 N.C. App. at 744. Therefore, assault, assault and battery, and affray are alternative *means* of satisfying the single element of "assault" for conviction for the crime of assault on a female. This conclusion follows where the factfinder, similar to the Maryland statute at issue in Royal, only has to agree that one of the three alternatives occurred, without deciding on which.

11

Furthermore, even assuming the statute at issue here is generally divisible, it is not divisible for purposes of the modified categorical approach where neither of the hypothetical alternative elements — that is, assault and assault and battery — is categorically a predicate offense. See United States v. Cabrera-Umanzor, 728 F.3d 347, 352 (4th Cir. 2013) ("General divisibility, however, is not enough; a statute is divisible for purposes of applying the modified categorical approach only if at least one of the categories into which the statute may be divided constitutes, *by its elements*, a [predicate offense]."). See also Descamps, 133 S.Ct. at 2285. As noted above, both assault and battery under North Carolina law are not categorically misdemeanor crimes of domestic violence. Thus, the modified categorical approach is inapplicable here because the crime of assault on a female is comprised of indivisible elements and neither of the hypothetical alternative elements at issue constitutes a predicate offense.

In this manner, analysis of the submitted charging document would not aid decision on the instant motion. The charging document states that defendant "unlawfully and willfully did assault and strike FRANCES DEANNA VINSON, a female person, by HITTING HER ABOUT HER FACE WITH HIS OPEN HAND." (Resp. in Opp'n Ex.1, at 2). One inference that can be drawn from the charging document is that defendant committed assault on a female by either assault or assault and battery. The charging document does not describe an affray, which is defined under North Carlina law as "a fight between two or more persons in a public place so as to cause terror to the public." In re May, 357 N.C. at 426. As noted in the previous section, both assault and battery under North Carolina law are not categorically misdemeanor crimes of domestic violence. See Section B.4.a and b, *supra*.

12

Accordingly, this court holds that assault on a female under North Carolina law cannot serve as a predicate offense to sustain defendant's conviction under § 922(g)(9), as it does not have as an element the use or attempted use of "physical force." Defendant has been charged with violation of 18 U.S.C. §§ 922(g)(9) and 924. Thus, defendant cannot be penalized pursuant to § 924 where that penalty is premised upon violation of § 922(g)(9).

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss the indictment (DE 27) is GRANTED. Where defendant is subject to detention on the instant offense (DE 22), that order of detention now is nullified. A copy of this order shall be delivered by the clerk also to the U.S. Marshals Service.

SO ORDERED, this the 27th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge